Per cur.

We have long thought that this question was at rest. We are not informed of the particular circumstances which came before Mr. Justice Shippen, iff Berks, but we are fully satisfied, that his general sentiments are adverse to the doctrine contended for by the plaintiff.
There is a general clause in the 4th section of the Depreciation Act, which includes all contracts made before the 1st March 1781, and these plain words cannot be narrowed down or controlled by the title, (Hardr. 334. 3 Co. 33. 1 Bl. Rep. *570 95.) or preamble, (1 Wms. 320. Fonbla. 428. Cowp. 232, 543. 5 Term Rep. 201,) of the act. The positive terms of *-,,,-1 the law *are equally obligatory on courts and juries, -I as on auditors. There can be no reasonable ground of distinction between the- two tribunals. If the reduction of a partial payment by auditors is prohibited, certainly jurors ought not to be at. liberty to do it. If it would be wrong in the one case, it necessarily must be so in the other. The necessities of the war induced the policy of making continental money a legal tender, arid no human wisdom can remedy the hardships which have been thereby occasioned to individuals. The plaintiff was not bound to receive part of his debt when offered to him, but he might do it if he pleased. If he had freely and willingly accepted 150 pieces of gilt leather for 150I., without any fraud being practised on him, he would have been bound by the acceptance. So have been all the resolutions that we know of. Two we recollect, one of Caldwell surviving mortgagee v. Chambers et al. in Eranklin county, May assizes 1789, where a payment of 144I. made in August 1779, was established by the court on argument; and the other of Pleasants’s administrators v. Pemberton admin-istratrix, in the Supreme Court in bank, January term 1793, where the general rule was laid down in the same manner. We clearly think, that the jury cannot legally reduce this payment of 150I. made in continental currency.
Messrs. Read and M. Biddle, pro quer.
Messrs. Clymer and Thomas, pro def.
The jury, conformably to the charge of the court, found a verdict for the plaintiff for 41I. is. 7d. debt, with six pence damages, and six pence costs.